**H.L. HAYDEN CO. OF NEW YORK, INC., Schein Dental Equipment Corp., Plaintiffs,**

v.

**SIEMENS MEDICAL SYSTEMS, INC., Healthco, Inc., Patterson Dental Co., Defendants.**

**No. 84 Civ. 0306 (GLG).**

United States District Court, S.D. New York.

Dec. 27, 1989.

John E. Daniel, Anderson Kill Olick & Oshinsky, P.C., New York City, for plaintiffs.

Michael D. Blechman, Kaye Scholer Fierman Hayes & Handler, Michael H. Byowitz, Wachtell Lipton Rosen & Katz, Michael Mills, Mayer Brown & Platt, New York City, for defendants.

## MEMORANDUM

SHARON E. GRUBIN, United States Magistrate:

On July 6, 1984 I issued in this case an Order Governing Treatment of Confidential Information Obtained Through Discovery ("Order"). This Order, entered pursuant to Fed.R.Civ.P. 26(c) after extensive negotiations among the parties, concerned the manner by which discovery material in this case that was confidential and deserved protective treatment would be disclosed ("Protected Material"). Pursuant to the Order, voluminous information was produced by the parties during this action over the course of the next several years. This action has now been terminated by the granting of defendants' motion for summary judgment on all of plaintiffs' claims. *See H.L. Hayden Co. of N.Y. v. Siemens Medical Systems, Inc.*, 672 F.Supp. 724 (S.D.N.Y.1987), *aff'd*, 879 F.2d 1005 (2d Cir. 1989).

Paragraph 11 of the Order of July 6, 1984 provided as follows:

11. Within thirty days after the termination of this action, including any appeals, Protected Material, including all copies, notes and other materials containing or referring to information derived therefrom, shall be returned to the party which produced it or, upon that party's consent, destroyed, and all persons who possessed such material shall verify the return or destruction by affidavit furnished to the producing party.

Defendant Siemens recently applied for an order directing plaintiffs to comply with the above provision by destroying or returning the Protected Material disclosed by Siemens during this action. Plaintiffs, refusing to do so, take the position that to comply with the Order would be burdensome, would require them to "cannibalize" their files on this case and, in any event, should not be required because most of the information was "not confidential at all and, in most cases, extremely dated." (Letter of John E. Daniel, Esq. to the Honorable Sharon E. Grubin, dated November 7, 1989.)

On December 14 I held a telephone conference and ruled that plaintiffs must comply with paragraph 11 of the Order. I explained, in sum, that plaintiffs had willingly agreed to this procedure in 1984, and they had no legitimate need any longer for the information disclosed. If parties to a lawsuit are to be expected to enter into protective orders or to produce information sensitive to them in reliance upon such an order, such a provision of an order must be enforced unless the other parties are agreeable to dispensing with it. Here, defendants produced much Protected Material in reliance upon the fact that it was to be used only for purposes of this lawsuit, was not to be revealed to outside parties and was to be returned or destroyed after final resolution of the action. As I recall, some material was considered so sensitive to them that, fearing unauthorized use, they did not want to produce it even with the protection of the Order, but I compelled them to do so on various occasions at plaintiffs' urging because, as I ruled, protective

orders must be deemed to mean what they say and any violation of them by unauthorized disclosure would be severely punished. Defendants are entitled to have paragraph 11 enforced. Protective orders are not issued lightly by this court, and they cannot be dispensed with when they finally become inconvenient to one of the parties.

Despite my oral ruling on this matter on December 14, plaintiffs have now requested a written order, presumably to which they plan to file objections with Judge Goettel. Although I believe they know that they may file objections to an oral order—they did so on many occasions during the course of this contentious litigation—I am acceding to their request in issuing this order, viewing it hopefully as my final act in this case.

SO ORDERED.